Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000648
06-FEB-2020
07:59 AM

NO. CAAP-15-0000648

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2007-10, Plaintiff-Appellee,
v.
JOSEPH ALBERT SPIELMAN AND ELLEN SPIELMAN, Defendants-Appellants,
and
U.S. REIF/MJW WAIMEA FEE, LLC AND WAIMEA RETAIL, LLC,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1139)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Plaintiff-Appellee The Bank of New York Mellon (**BONY**)
filed suit to foreclose on a note and mortgage allegedly made by
Defendants-Appellants Joseph Albert Spielman (**Joseph**) and Ellen
Spielman (**Ellen**) (collectively, the **Spielmans**).[1] On August 6,
2015, the Circuit Court of the First Circuit[2] entered findings of
fact, conclusions of law and an order granting BONY's motion for
summary judgment and interlocutory decree of foreclosure, and a
judgment in favor of BONY and against the Spielmans and other
defendants (**Foreclosure Judgment**). The Spielmans filed a timely
notice of appeal. We affirm the Foreclosure Judgment.

---

[1]     The Spielmans are referred to by their given names when necessary
to avoid confusion.

[2]     The Honorable Bert I. Ayabe presided.

### Procedural History

BONY filed the complaint below on April 25, 2012. BONY claimed to be the assignee of a note (the **Countrywide Note**) and mortgage made by the Spielmans and originally given to Countrywide Home Loans, Inc. on June 5, 2007. Copies of the Countrywide Note (endorsed in blank), the mortgage, and the assignment of mortgage were attached as exhibits to BONY's complaint. BONY alleged that the Spielmans were in default of the note, and sought to foreclose on the mortgage.

The Spielmans answered the complaint on June 26, 2012. They responded to the allegations in the complaint concerning execution and delivery of the Countrywide Note and mortgage by stating:

> 3. With respect to the allegations contained within Paragraphs 3 [concerning the note] and 4 [concerning the mortgage] of said Complaint, [the Spielmans] say that the documents referenced therein speak for themselves, except that they deny each and every interpretation of said documents made by [BONY] and leave [BONY] to its proof at trial.

All other allegations in the complaint were denied.

BONY took the Spielmans' oral depositions and subpoenaed documents from Hawaii Escrow & Title, Inc. On December 8, 2014, BONY filed a motion for summary judgment and decree of foreclosure **(MSJ)**. The MSJ was supported by a declaration of BONY's loan servicing agent authenticating, among other things, the Countrywide Note and mortgage. Excerpts from Ellen's deposition and documents from Hawaii Escrow & Title were also attached to the MSJ.

BONY's evidence, viewed in the light most favorable to the Spielmans, established that the Spielmans were indebted to Fremont Investment & Loan **(Fremont)** under a note and mortgage executed in 2006. Proceeds from the Countrywide loan were used to pay off the Fremont loan and obtain a release of the Fremont mortgage. The Spielmans also received $170,878.57 in cash when the Countrywide loan closed. The Spielmans do not dispute that

they made payments under the Countrywide Note until June 2009, when they defaulted on the loan.

The Spielmans filed a memorandum in opposition to which was attached a declaration of Joseph that stated, among other things:

> 5. I did not sign the Note dated June 5, 2007 (Exhibit 1 to BONY's Motion for Summary Judgment and Exhibit 4 to the Deposition Transcript); my signature does not appear on said Note.
>
> 6. I did not sign the Mortgage dated June 5, 2007 (Exhibit 2 to BONY's Motion for Summary Judgment and Exhibit 5 to the Deposition Transcript); my signature does not appear on said Mortgage.
>
> . . . .
>
> 8. All of the signatures of my name that appear on said Note and said Mortgage were forged.
>
> 9. I do not know who forged my name on said Note and said Mortgage.

The Spielmans also filed the transcript of Joseph's deposition, which had been taken on August 18, 2014. In it, Joseph admits signing the Making Home Affordable Program Request for Modification and Affidavit on July 16, 2012 (**Request for Modification**). Joseph also testified that his attorney sent the Request for Modification and related documents — all signed by Joseph — to BONY's attorney on July 23, 2012. The loan number referenced on the Request for Modification is the same as the loan number on the note that was attached to BONY's complaint and BONY's MSJ. Joseph did not receive a response to his Request for Modification from BONY.

The MSJ was heard on April 15, 2015. The Spielmans did not contest that BONY was the holder of the note. They argued:

> As this Court is probably aware, this case is quite different than most of the cases that are in foreclosure today, as the note has the forged signature on it. My client didn't sign it. He's testified as to such. He's been deposed. And that deposition was submitted to the Court in full, so that the Court can get the full context of what exactly happened and how this mortgage and note had came to have my client's forged signature on it.

. . . .

> THE COURT: Your factual issue is the fact that it's not the signature of your client?
>
> [COUNSEL]: That's exactly correct, sir.
>
> THE COURT: Do you have anything, other than his declaration, to indicate it's not his signature?
>
> [COUNSEL]: His declaration, and his deposition testimony. And I think that's enough to put the issue into dispute.

The circuit court took the MSJ under advisement. On August 8, 2015, the circuit court entered findings of fact, conclusions of law and an order granting BONY's MSJ, and the Foreclosure Judgment. This appeal followed.

## Standard of Review

Summary judgment decisions are reviewed de novo. Association of Apartment Owners of Maalaea Kai, Inc. v. Stillson, 108 Hawai'i 2, 7, 116 P.3d 644, 649 (2005). "Summary judgment will be upheld 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.'" Id. (citation omitted). A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. Nozawa v. Operating Engineers Local Union No. 3, 142 Hawai'i 331, 342, 418 P.3d 1187, 1198 (2018).

Hawai'i Rules of Civil Procedure (**HRCP**) Rule 56(e) (2000) requires that affidavits supporting or opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." "HRCP Rule 56(e) does not preclude an affidavit from being self-serving. . . . [A] party's

4

self-serving statements that otherwise comply with HRCP Rule 56(e) can be utilized to defeat summary judgment. . . . HRCP Rule 56(e) does not require a statement in an affidavit to be corroborated in order to be a qualifying affidavit under the rule." Nozawa, 142 Hawai'i at 339, 418 P.3d at 1195 (citations and footnote omitted).

### Discussion

The Spielmans' opening brief contains five points of error; the first three are premised upon Joseph's denial of having signed the Countrywide Note and mortgage. Ellen did not deny signing the note and the mortgage, or being in default of the loan. Accordingly, summary judgment was appropriate as against Ellen.

Joseph is barred from challenging the validity of the Countrywide Note. Hawai'i has adopted the Uniform Commercial Code, Hawaii Revised Statutes **(HRS)** Chapter 490 **(UCC)**. Article 3 of the UCC applies to negotiable instruments such as the Countrywide Note. HRS § 490:3-308 (2008) provides, in relevant part:

> (a) In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted <u>unless specifically denied in the pleadings</u>.

(Emphasis added.) HRCP Rule 7 (2000) provides:

> **(a) Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Joseph's answer to BONY's complaint denied only BONY's "interpretation" of the note, and affirmatively alleged that the note spoke for itself. Joseph did not deny signing the Countrywide Note. Because Joseph's pleading failed to specifically deny that

he signed the Countrywide Note, the circuit court did not err in determining that Joseph "made, executed and delivered" the note to Countrywide. In re Tyrell, 528 B.R. 790, 794-95 (Bankr. D. Haw. 2015) (applying HRS § 490:3-308(a)).

Even if Joseph's answer had specifically denied that he signed the Countrywide Note, the validity of the note is not a material fact in this case because the uncontroverted evidence established that the Spielmans ratified the Countrywide Note. BONY established, and the Spielmans did not controvert, that proceeds from the Countrywide Note were applied to pay off the Spielmans' Fremont note, that the Spielmans received a release of the Fremont mortgage and $170,878.57 in cash when the Countrywide loan closed, and that the Spielmans made payments under the Countrywide Note until June 2009 before defaulting on the loan. Joseph testified in deposition, "I remember writing checks to Fremont. It was Fremont then Countrywide." In addition, Joseph admitted signing a Request for Modification sent by his attorney to BONY's foreclosure attorney on July 23, 2012. Joseph ratified or affirmed his debt under the Countrywide Note. See Stillson, 108 Hawai'i at 13-14, 116 P.3d at 655-56 (discussing Hawai'i Supreme Court's adoption of Restatement of the Law of Agency's definitions for "ratification" and "affirmance"); see also HRS § 490:3-403(a) (2008) ("An unauthorized signature may be ratified for all purposes of this article.")[3]. By ratifying and affirming his debt under the note, Joseph also ratified and affirmed the mortgage that secured the debt. Cf. Bank of Am.,

---

[3]     Comment 3. to Uniform Commercial Code Section 3-403 states:

The last sentence of subsection (a) allows an unauthorized signature to be ratified. Ratification is a retroactive adoption of the unauthorized signature by the person whose name is signed and may be found from conduct as well as from express statements. For example, it may be found from the retention of benefits received in the transaction with knowledge of the unauthorized signature. Although the forger is not an agent, ratification is governed by the rules and principles applicable to ratification of unauthorized acts of an agent.

N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 371 n.17, 390 P.3d 1248, 1258 n.17 (2017) (stating that "the security follows the debt") (citing HRS § 490:9-203(g) & cmt. 9 (2008) (codifying the common law rule that a transfer of an obligation secured by a security interest or other lien on personal or real property also transfers the security interest or lien)).  The circuit court did not err in granting BONY's MSJ and entering the Foreclosure Judgment.

Because we affirm the Foreclosure Judgment based upon Ellen's non-opposition and Joseph's ratification or affirmance of the debt, we need not address the Spielmans' contention that the circuit court should have rejected BONY's equitable subrogation argument.

The Spielmans' final argument is that the Countrywide Note and mortgage are void under HRS § 480-12 (2008).  The statute provides:

> Any contract or agreement in violation of this chapter is void and is not enforceable at law or in equity.

HRS Chapter 480 declares as unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]"  HRS § 480-2(a) (2008).  The Spielmans' briefs fail to identify any act of, or conduct by, BONY that was allegedly unfair or deceptive.  Their only argument is that "the practice endorsed by the bank in creating the Note and Mortgage allowed for fraud and forgery."  The uncontroverted evidence is that it was Countrywide, not BONY, that created the note and mortgage.  There is no evidence in the record of unfair methods of competition or unfair or deceptive acts or practices by Countrywide, or by BONY.  The Spielmans failed to establish any violation of HRS Chapter 480.

### Conclusion

Based upon the foregoing, the Foreclosure Judgment entered by the Circuit Court of the First Circuit on August 6, 2015, is affirmed.

DATED: Honolulu, Hawaiʻi, February 6, 2020.

On the briefs:

David B. Rosen,
David E. McAllister,
Justin S. Moyer,
for Plaintiff-Appellee.

Gary V. Dubin,
Richard T. Forrester,
for Defendants-Appellants.

Eric H. Tsugawa,
Leila M. Rothwell Sullivan,
for Defendants-Appellees.
(No brief filed.)

Chief Judge

Associate Judge

Associate Judge